**Mary Sue MADRICK, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. C93–0138.

United States District Court, N.D. Iowa, Cedar Rapids Division.

April 3, 1995.

Kenneth F. Dolezal, Dolezal Martin & Lindeman, Cedar Rapids, IA, for plaintiff, Mary Sue Madrick.

Ana Maria Martel, Asst. U.S. Atty., U.S. Dept. of Justice, Cedar Rapids, IA, for defendant, Donna E. Shalala, Secy. of Health & Human Services.

## OPINION AND ORDER

MELLOY, Chief Judge.

This matter is before the court on plaintiff's complaint seeking reversal of the final decision of the Secretary of Health and Human Services (the "Secretary"). Claimant, Mary Sue Madrick (Madrick) was first awarded disability benefits in 1971. These benefits ceased in 1973. The Social Security Administration (Administration) next awarded Madrick benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* in 1975. On May 24, 1991, the Administration notified Madrick that her disability was found to have ceased in September of 1980, when she undertook substantial gainful employment (SGE).[1] The Administration reconsidered the matter and affirmed its prior

---

1. Substantial gainful employment is defined as average earnings over $300.00 a month in calendar years 1980–1989 and more than $500.00 a month in calendar years after 1989. 20 CFR § 404.1574(b)(2)(vi) and (vii).

determination. Madrick was granted a hearing before an Administrative Law Judge (ALJ). The ALJ found that she had engaged in SGE and was therefore no longer entitled to benefits. The Appeals Council upheld the decision of the ALJ, hence the ALJ's conclusion stands as the final decision of the Secretary.

Plaintiff now seeks review of the Secretary's final decision. The plaintiff has exhausted all administrative remedies, and the action is properly before the court. The nature of the court's review of the Secretary's final decision is set forth in 42 U.S.C. § 405(g):[2]

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

42 U.S.C. § 405(g).

Madrick does not deny that her gross earnings qualified as SGE since September of 1980. Where Madrick and the Administration differ is whether she had impairment related work expenses (IRWE) that should have been deducted from her income to place her below the SGE amount. Social Security Ruling 84–26 sets out the payments that can be deducted from earnings in determinations of SGE. The Administration will deduct an IRWE if the claimant pays the cost of the item or service and if the payment is in cash (including checks or other forms of money). 20 CFR § 404.1576(b)(3) and (5). Payment for attendant care services provided by a family member will only be deducted if "such person, in order to perform the services, suffers economic loss by terminating his or her employment or by reducing the number of hours he or she worked." 20 CFR § 404.1576(c)(iii)(A).

■ Madrick asserts she required her husband's assistance to enable her to work, and that the value of his services, if deducted as an IRWE from her income, would have put her earnings below SGE. The ALJ refused to deduct the value of his services because Madrick did not actually pay him anything for his assistance. It is undisputed that Madrick relies on her husband's assistance in dressing, with urination, and for transportation and that these services, if paid for, would be deductible as an IRWE. Madrick complains that the requirement that she pay her husband for the services he provided to her is unconstitutional as it does not meet the "mere rationality" test of *United States Department of Agriculture v. Moreno*, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973).

*Moreno* is an "equal protection" case which applies the rule that "a legislative classification must be sustained if the classification itself is rationally related to a legitimate governmental interest." *Id.*, at 533, 93 S.Ct. at 2825. *Moreno* is inapplicable to Madrick's complaint as the regulations which Madrick complains of do not pose equal protection problems as the regulations are treating all individuals equally. Madrick's real complaint is that married persons should be treated differently under the Social Security Regulations.

■ Madrick next asserts that the Administration's requirement of submitting proof of payment and its requirement that family members document that they have had to undergo an economic loss in order to provide services to the impaired family member is unreasonable and irrational. However, Madrick's claims are conclusory and provide no basis for this court to make such a finding.

Madrick also asserts that the ALJ erred in finding her and her husband's testimony not to be credible. This claim is irrelevant, as, to meet the requirements of the regulations, Madrick must have paid her husband for his services and she acknowledges that she did not pay him.

Madrick next asserts that the ALJ erred in not recognizing the Chapter 13 Bankruptcy filed by Madrick and her husband. Ma-

---

**2.** The guidelines for Title XVI provide that "the final determination of the Secretary ... shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3).

drick feels that the ALJ should have excused her from having to provide completed tax returns for years prior to her filing bankruptcy. Again, this claim is irrelevant as Madrick does not assert that these forms would speak to the crucial issue of whether she paid her husband for services provided.

 Finally, Madrick asserts that there is not substantial evidence on the record to support the ALJ's decision. This claim must also fail as the ALJ's decision is based on a finding of lack of proof of payment for Madrick's husbands services and there is no evidence in the record that these services were paid for.

Accordingly,

**It Is Ordered:**

The plaintiff's complaint for reversal of the decision of the Secretary is denied.

Done and so ordered this 31st day of March, 1995.